UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| SCOTT J. LOVE, ) | Case No. 04-20150-659 |
| ) | Chapter 7 |
| ) | #14      9/27 |
| Debtor. ) | |

**O R D E R**

The matter before the Court is Debtor's Notice and Motion to Avoid Judicial Lien, Respondent's Answer to Debtor's Motion to Avoid Judgment Lien and Debtor's Memorandum in Support of Motion to Avoid Lien. The matter was set for hearing on September 27, 2007, where Debtor appeared by counsel and was granted additional time to file a memorandum in support of the Motion to Avoid Lien.  Upon consideration of the entire record as a whole, the Court makes the following FINDINGS OF FACT:

Debtor Scott J. Love (hereinafter "Debtor") filed a Voluntary Bankruptcy Petition under Chapter 7 on March 23, 2004.  Prior to the filing of Debtor's bankruptcy case, on February 19, 2004, Respondent Personal Finance Company (hereinafter "Respondent") obtained a judgment against Debtor in the amount of $3,000.75 and obtained a lien against Debtor's real estate located at 3611 Hwy C, Frankford, MO  63441 (hereinafter "Real Estate").  Respondent was listed on Schedule F of Debtor's Schedules and Statements and received Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines.  Respondent also received a copy of the Suggestion of Bankruptcy filed in a State Court action that Respondent had pending at the time against Debtor.  The Discharge Order was entered in Debtor's bankruptcy case on June 30, 2004 and the case was closed on July 15, 2004.

Debtor states that it was not until June of 2007 that Debtor became aware that Respondent had a lien against his Real Estate.  Debtor further states that on June 15, 2007 and June 26, 2007 that Debtor contacted Respondent's counsel to request removal of the lien without Debtor having to incur the expense of reopening his bankruptcy case.  Respondent replied to this request on June

28, 2007 and refused to voluntarily release the lien.  Debtor then filed his Motion to Reopen Chapter 7 Bankruptcy Case seeking to have the case reopened to avoid Respondent's lien.  Debtor's Motion to Reopen Chapter 7 Bankruptcy Case was granted on July 23, 2007.  On July 30, 2007, Debtor filed Debtor's Notice and Motion to Avoid Judicial Lien.  On August 15, 2007, Respondent filed its Answer to Debtor's Motion to Avoid Lien, (hereinafter "Answer"), which cited several cases.  The matter was set for hearing on September 27, 2007.  Respondent did not appear at the hearing.  Debtor appeared by counsel at the hearing and requested additional time, until October 11, 2007, to file a reply to Respondent's Answer.  On October 11, 2007, Debtor filed his Memorandum in Support of Motion to Avoid Lien and then the matter was taken as submitted.

Debtor argues that he is entitled to avoid Respondent's lien in that it impairs Debtor's exemption in the Real Estate in that the sum of Respondent's lien, all other liens on the Real Estate and the amount of Debtor's exemption exceed the value of Debtor's interest in the Real Estate. Debtor asserts that the fair market value of the Real Estate subject to Respondent's lien is $78,000.00, all other liens are $71,340.00, and the claimed exemption is $6,660.00, so that the extent of the impairment is $3,000.75.  Debtor further asserts that the extent of impairment exceeds the amount of the Respondent's judicial lien and therefore the lien should be avoided.  Additionally, Debtor requests that Respondent be ordered to pay filing fees of $260.00 for reopening case and attorney's fees of $500.00 for filing the Motion to Avoid Lien.

Respondent argues that Debtor could have avoided the lien by filing a motion to avoid judicial lien prior to the closing of Debtor's bankruptcy case.  Respondent also argues that timely filing a motion to avoid judicial lien would have eliminated the need for additional filing and attorney's fees.  Respondent also argues that Debtor should be denied the ability to avoid the lien because the time for Respondent to contest dischargeability has passed.

## JURISDICTION AND VENUE

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§151, 157 and 1334 (2004) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157 (b)(2)(K) (2004). Venue is proper in this District under 28 U.S.C. §1409(a) (2004).

## CONCLUSIONS OF LAW

The first issue is whether Debtor is entitled to avoid Respondent's judicial lien. A judicial lien is a lien obtained by judgment. 11 U.S.C. §101(36) (2004). A debtor may avoid the fixing of a judicial lien to the extent that such lien impairs a debtor's ability to claim an allowed exemption. 11 U.S.C. §522(f)(1)(A) (2004). *Kolich v. Antioch Laurel Veterinary Hospital, Inc. (In re Kolich)*, 273 B.R. 199 (B.A.P. 8th Cir. 2002) aff'd 328 F.3d 496 (8th Cir. 2003) (stating applicable formula for determining extent of impairment of judicial lien); s*ee also In re Thomas*, 215 B.R. 873, 875 (Bankr. E.D. Mo. 1997) (judicial lien impaired a debtor's ability to use wages held by the Sheriff in garnishment proceeding).

Debtor stated the value of Debtor's Real Estate is $78,000.00. In Respondent's Answer, Respondent contested the fair market value of the Real Estate. However, Respondent provided no information regarding its valuation of the Real Estate. Therefore, the Court accepts the fair market value asserted by Debtor.

Debtor claimed all other liens on the real estate total $71,340.00. Under REV. STAT. MO. § 513.475(1), Debtor is entitled to a homestead exemption not exceeding $8,000.00. REV. STAT. MO. §513.475(1) (2004). Debtor claimed an exemption of $6,600.00 in the Real Estate. Therefore, allowing Respondent's lien will impair Debtor's ability to claim the allowed exemption because the extent of impairment exceeds the amount of the Respondent's lien.

Respondent argues that Debtor could have previously sought avoidance of the judicial lien. This may be true, but it is not required. "Neither the Code nor the Bankruptcy Rules contain an express deadline for the exercise of the debtor's rights under section 522(f)." *In re Quackenbos*,

71 B.R. 693, 694 (Bankr. D. Pa. 1987). Debtor may seek avoidance of the lien at any time. *In re Frazier*, 104 B.R. 255, 258 (Bankr. D. Cal. 1989), (citing *In re Mitchell*, 80 B.R. 372 (Bankr. W.D. Tex. 1987)).

Respondent also argues that its ability to contest dischargeability has passed. However, Respondent had a similar opportunity to contest dischargeability in that Respondent was listed in Debtor's schedules and received notice of the bankruptcy filing and deadline to object to dischargeability. Therefore, Respondent had the same opportunity to act earlier.

Respondent asserts that courts have the power to deny reopening of a case for the purpose of lien avoidance. Respondent cites *In re Frazier,* 104 B.R. 255, 258 (Bankr. D.Cal. 1989), and *In re Hunter,* 283 B.R. 353, 358 (Bankr. D. Fla. 2002) for this proposition. However, the facts of each of these cases can be distinguished from the instant case and justify a different result.

While *Frazier* concludes that a court may deny reopening of a case for the purposes of lien avoidance it goes further and states that denial is based on the creditor proving that the debtor is not entitled to claim the property as exempt. *Frazier*, 104 B.R. at 258. Here, Respondent has not made any such assertions and it appears that Debtor is entitled to the claimed exemption. *Hunter* is also distinguishable due to the fact that the creditor was not listed on the debtor's bankruptcy schedules. As a result, the creditor lost the right to participate in the bankruptcy proceeding. 283 B.R. at 353. Here, Debtor listed Respondent in Schedule F and Respondent received notice of the bankruptcy proceeding. Thus, Respondent had the opportunity to participate in the bankruptcy proceeding. However, Respondent chose not to participate.

Likewise, *Quackenbos* held that a debtor may lose the right to avoid a lien if a creditor has been prejudiced by the delay. *Quackenbos*, 71 B.R. at 694. Again, Respondent has put forth no evidence to show that he has been harmed by Debtor's delay in seeking an avoidance of the lien. Additionally, Respondent argued that courts have relied on the defense of laches to deny the reopening of a bankruptcy case to avoid a lien. However, Respondent clearly has misinterpreted the meaning of laches by assuming that the passage of time is enough to trigger this defense. The

4

defense of laches requires that there be injury, prejudice, or disadvantage to the party asserting the defense. *In re Ricks*, 62 B.R. 681, 683 (Bankr. D. Cal. 1986). Mere passage of time is not sufficient to show the inequity of permitting the claim or that some changed condition exists in relation to the property or parties that cannot be disturbed without producing injustice, if complaining party is not barred from relief. *Id.* Thus, Debtor's Motion to Avoid Judicial Lien will be granted.

The second issue is whether Respondent should be ordered to pay filing and attorney's fees associated with reopening Debtor's case for the purpose of lien avoidance. Although Debtor may seek to avoid the lien at any time, Debtor could have eliminated the cost of reopening the case by bringing this motion before the bankruptcy case was closed. Thus, Debtor's request for filing and attorneys fees to be assessed against Creditor will be denied. Therefore,

**IT IS ORDERED THAT** Debtor's Motion to Avoid Lien is GRANTED; and

**IT IS FURTHER ORDERED THAT** Debtor's request for Respondent to pay Debtor's filing and attorneys fees is DENIED.

/s/ Kathy A. Surratt-States
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: December 19, 2007
St. Louis, Missouri

5

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Scott J. Love
3611 Hwy C
Frankford, MO 63441

E. Rex Bradley
E. Rex Bradley - Attorney at Law
2608 Georgia St.
Louisiana, MO 63353

Vicki A. Dempsey
Dempsey, Dempsey & Moellring, P.C.
716 Broadway
PO Box 510
Hannibal, MO 63401

David A. Sosne
Summers, Compton, Wells & Hamburg, P.C.
8909 Ladue Rd.
St. Louis, MO 63124

Personal Finance Company
2801 St. Mary's Avenue
Hannibal, MO 63401